UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA GRASTORF,

        *Plaintiff*,

vs.

COMMUNITY BANK, N.A.,

        *Defendant*.

**COMPLAINT**
**AND JURY DEMAND**

Plaintiff Diana Grastorf ("Plaintiff" or "Grastorf") swears that the following is true to the best of her knowledge, under penalty of perjury:

## PARTIES

1. The Plaintiff, Diana Grastorf, is a natural person with a place of residence at 7120 County Road 41, Friendship, New York 14739.

2. Upon information and belief, Community Bank, N.A. ("Defendant"), is a corporate entity with offices located at 5790 Widewaters Parkway, Dewitt, New York 13214.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

4. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. On August 19, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC assigned a charge number as 525-2019-01425.

7. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted her administrative remedies under Title VII.

## FACTUAL BACKGROUND

8. Ms. Grastorf held the position of Branch Manager.

9. Ms. Grastorf is over the age of 40. Her DOB is 1/9/75.

10. Ms. Grastorf is female.

11. Defendant terminated Ms. Grastorf's position.

12. Upon information and belief, Defendant terminated Ms. Grastorf's position because of her gender.

13. Upon information and belief, Defendant terminated Ms. Grastorf's position because of her age.

***

# FIRST CAUSE OF ACTION

## Violation of Title VII and the NYSHRL on the basis of Gender

14. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

15. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2] Circumstantial evidence is by far the most common.[3] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[4]

**Element 1) Protected Classes**

16. Ms. Grastorf is female.

**Element 2) Adverse Actions**

17. Defendant has unilaterally terminated Ms. Grastorf's employment.

**Element 3 (a) Plaintiff was Qualified for the Job Held**

18. Ms. Grastorf has the requisite qualifications for her position.

19. Ms. Grastorf received good performance reviews.

20. Ms. Grastorf received a merit increase of 2% in January 2019.

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).
[3] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]
[4] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**Element 3 (b) Work was Still Being Performed**

21. Upon information and belief, Ms. Grastorf's duties are still being performed.

22. The branch remains open.

## SECOND CAUSE OF ACTION

## Violation of the ADEA and NYSHRL

23. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

24. The *prima facie* elements of discrimination claims under the ADEA are "not onerous."[5] A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[6] Circumstantial evidence is by far the most common.[7] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[8]

**Element 1) Protected Class**

25. Ms. Grastorf is over the age of 40. Her DOB is 1/9/75.

**Element 2) Adverse Actions**

26. Defendant has unilaterally terminated Ms. Grastorf's employment.

---

[5] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[6] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).

[7] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]
[8] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**Element 3 (a) Plaintiff was Qualified for the Job Held**

27. Ms. Grastorf has the requisite qualifications for her position.

28. Ms. Grastorf received good performance reviews.

29. Ms. Grastorf received a merit increase of 2% in January 2019.

**Element 3 (b) Work was Still Being Performed**

30. Upon information and belief, Ms. Grastorf's duties are still being performed.

31. The branch remains open.

32. As a result of Defendants' actions, Ms. Grastorf experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**WHEREFORE**, Ms. Grastorf respectfully requests this Court to enter an Order

A. Awarding Ms. Grastorf's lost wages and benefits in an amount to be determined at trial;

B. Awarding Ms. Grastorf damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C. Directing Defendant pay all unreimbursed medical costs incurred by Ms. Grastorf as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendant pay Ms. Grastorf the costs of this action, together with reasonable attorneys' fees and disbursements;

  E.  Defendant to reinstate Ms. Grastorf to the payroll in her former title and workload;

  F.  Defendants to reinstate Ms. Grastorf's pension and health care status;

  F.  Ms. Grastorf to have such other and further relief as this Court deems just and equitable.

***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: November 27, 2019
   Buffalo, New York

Respectfully submitted,

Plaintiff Diana Grastorf by her Attorneys

  THE LAW OFFICE OF LINDY KORN PLLC

 *s/ Lindy Korn*
Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
khovaros@yahoo.com