UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA GRASTORF,

        Plaintiff,

    v.

COMMUNITY BANK, N.A.,

        Defendant.

**DECISION AND ORDER**

19-CV-1627S

## I.  INTRODUCTION

In this action, Plaintiff Diana Grastorf seeks damages from her former employer, Community Bank, N.A. ("the Bank"), for violating her rights under Title VII and the ADEA and under New York human rights law when the Bank terminated her employment on the basis of her gender and age. Before this Court is the Bank's motion to dismiss Grastorf's complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6). For the following reasons, Defendant's motion will be granted.

## II.  BACKGROUND

This Court assumes the truth of the following factual allegations contained in Grastorf's very brief complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Diana Grastorf, a female who is over the age of 40, held the position of Branch Manager with the Bank for an unspecified period of time. (Complaint, Docket No. 1, ¶¶ 8-10.) On an unspecified date, the Bank terminated her position. (Id., ¶¶ 11-12.) Grastorf

1

was qualified for her position at the bank, had received good performance reviews, and received a merit increase in pay in January 2019. (Id., ¶¶ 18-20.)

After Grastorf was terminated, the branch of the Bank where she had worked remained open, and her duties were performed by another, unspecified, person. (Id., ¶¶ 21-22, 30-31.) Grastorf experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life as a result of the Bank's actions. (Id., ¶ 32.)

### III.  DISCUSSION

Grastorf alleges three causes of action in her complaint. First, she alleges that the Bank wrongfully terminated her on the basis of her sex, in violation of Title VII. Second, she alleges that the Bank wrongfully terminated her on the basis of her age, in violation of the ADEA. Third, she alleges that the Bank wrongfully terminated her on the bases of sex and age in violation of New York human rights law.

Grastorf seeks lost wages and benefits from the Bank, as well as damages for her pain, suffering, and other injuries, and payment for the unreimbursed medical expenses she incurred as a result of her wrongful termination. (Wherefore Clause, Docket No. 1 at p. 5.) She additionally seeks costs, attorneys' fees, and reinstatement to her position at the Bank. (Id. at p. 6.)

The Bank moves to dismiss Grastorf's complaint for failure to state a claim upon which relief can be granted, under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

**A.    Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are

generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by

reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).  This examination is context-specific and requires that the court draw on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away.  See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**B.     Grastorf fails to state a claim under Title VII.**

The Bank argues that Grastorf has failed to state a claim against it for gender discrimination because she has not alleged sufficient facts to support an inference of the Bank's discriminatory intent. Grastorf, for her part, argues that all she needs to do at the pleading standard is state the elements of a claim. The dispute between the parties thus centers squarely on the pleading standard for discrimination cases under Title VII.

"Title VII … requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (citing 42 U.S.C. § 2000e–2(a)(1)).

Under the "burden-shifting" established by the Supreme Court in McDonnell Douglas v. Green, "in the initial phase of the case, the plaintiff can establish a prima facie case without evidence sufficient to show discriminatory motivation." Littlejohn v. City of

New York, 795 F.3d 297, 307 (2d Cir. 2015) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). But a plaintiff must still plead some facts related to his or her case. "[A]bsent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has *at least minimal support for the proposition that the employer was motivated by discriminatory intent.*" Littlejohn, 795 F.3d at 311. (emphasis added).

Because proof of an overt discriminatory motive is so hard to obtain, there is rarely "direct, smoking gun, evidence of discrimination." Richards v. N.Y.C. Bd. of Educ., 668 F. Supp. 259, 265 (S.D.N.Y.1987), aff'd, 842 F.2d 1288 (2d Cir.1988). Therefore, courts allow a plaintiff to allege either direct evidence of discrimination, or circumstantial, indirect evidence. Indirect evidence giving rise to an inference of discrimination can include: "the employer's criticism of the plaintiff's performance in … degrading terms [related to the protected class]; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." Littlejohn, 795 F.3d at 297. Plaintiffs can "rely on 'bits and pieces' of information to support an inference of discrimination, *i.e.,* a 'mosaic' of intentional discrimination." Vega, 801 F.3d at 86. Plaintiffs need not prove their case at the pleading stage, or even make a prima facie case for discrimination. Id. But this minimal burden requires some facts.

The Bank argues that Grastorf has not met the standard articulated in Littlejohn and Vega because she has merely recited the elements of a discrimination claim, with no facts supporting an inference that a discriminatory motive caused her termination.

5

Grastorf, in turn, cites a Seventh Circuit case for the proposition that she need not allege "all, or any, of the facts logically entailed by the claim." (Docket No. 9 at p. 5, quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1082 (7th Cir. 2008)).

Grastorf either misreads or ignores recent cases from the Second Circuit requiring that a complaint allege some minimal facts to support an inference of discrimination. As noted above, "bits and pieces of information" can suffice, and a Court must take those as true at the motion-to-dismiss stage. But Grastorf's complaint lacks even bits and pieces of information that would suggest that the Bank's reasons were unlawful. Grastorf alleges only that she is a woman, that she did well at her job, and that she was terminated. This does not suffice, as a comparison with other cases confirms.

In Littlejohn, the Second Circuit reversed the district court's dismissal where the African-American plaintiff alleged, among other things, that her supervisor "physically distanc[ed] herself from [plaintiff] at meetings"; increased the frequency of plaintiff's reporting schedule; "required [Littlejohn] to re-create reasonable accommodation and EEO logs even though these logs were already in place"; became "noticeably impatient, shook her head, blew air out of her mouth when [plaintiff] talked in the presence of other managers"; "held her head in disbelief, got red in the face, used harsh tones, removed [plaintiff's] name from the regularly scheduled management meeting lists;" "replaced [plaintiff] at management meetings with [her] white male subordinate; and told plaintiff that she did not "understand the culture" at her workplace. The plaintiff further alleged that she was replaced by a white female with less experience, who received more pay than the plaintiff did. Littlejohn, 795 F.3d at 304.

In Vega, the Second Circuit reversed the district court's dismissal where a Hispanic

6

teacher alleged that he was assigned a large percentage of Spanish-speaking students because he was Hispanic and bilingual, while similarly-situated co-workers were not assigned additional work, and noting that other actions–defendants' placing a "University of Puerto Rico" banner outside his classroom and attempting to transfer him to a Hispanic principal's school—provided a "contextual basis for inferring discrimination." Vega, 801 F.3d at 88-89.

But in Braun v. Administrators for the Professions, Inc., the district court dismissed where plaintiff alleged only that defendants "engaged in a pattern and practice of hiring and/or maintaining male individuals in senior management to the exclusion of female individuals" with no specifics, and that plaintiff was excluded, "because she was a woman, from meetings, decision-making processes, and social events, including dinners and trips, [such as] a trip to Las Vegas," but where plaintiff provided no information about the trip to Las Vegas, including whether there were any other women on this trip. Braun v. Administrators for the Professions, Inc., No. 217CV4055DRHAKT, 2018 WL 3597504, at *4 (E.D.N.Y. July 26, 2018).

Here, Grastorf has alleged not only less than the successful plaintiffs in Littlejohn and Vega, but less than the unsuccessful plaintiff in Braun. She alleges only the bare elements of a claim, with no facts from which this Court can infer any motive at all on the part of her employer, let alone an unlawful one. This Court thus finds that Grastorf has failed to meet even the minimal pleading standard for a Title VII claim, and will accordingly grant the Bank's motion to dismiss this claim. However, because leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15 (a)(2), this Court will afford Grastorf the opportunity to amend her complaint to conform with the pleading standards

articulated herein.

**C.     Grastorf fails to state a claim under the ADEA.**

The Bank argues that, as with her gender-discrimination claim, Grastorf has failed to allege sufficient facts to state a claim for age discrimination. Grastorf argues that her pleading of the elements of a claim suffices.

To state a claim for age discrimination at the motion to dismiss stage, a plaintiff must plausibly allege that (1) she "was within the protected age group"; (2) she "was qualified for the position"; (3) she "experienced [an] adverse employment action"; and (4) "such action occurred under circumstances giving rise to an inference of discrimination." Woolfolk v. New York City Dep't of Educ., No. 19-CV-3706 (RA), 2020 WL 1285835, at *6 (S.D.N.Y. Mar. 18, 2020) (quoting Gorzysnki v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010)). Additionally, "[t]o survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that ... her age was the 'but-for' cause of the adverse action." Marcus v. Leviton Mfg. Co., 661 F. App'x 29, 31-32 (2d Cir. 2016) (summary order) (citing Vega, 801 F.3d at 87).

"A plaintiff must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." Marcus, 661 F. App'x. at 31–32 (quoting Littlejohn, 795 F.3d at 310–11). For an ADEA claim, as for a Title VII claim, "the plaintiff need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination, but [she] must plead facts that give plausible support to a minimal inference of the requisite discriminatory causality." Downey v. Adloox Inc., 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) (citing Marcus, 661 F. App'x. at 31).

Courts in this Circuit have dismissed ADEA claims containing far more facts than

8

Grastorf's complaint contains. See, e.g., Langella v. Mahopac Cent. Sch. Dist., No. 18-CV-10023 (NSR), 2020 WL 2836760, at *8 (S.D.N.Y. May 31, 2020) (dismissing where plaintiff alleged that defendant asked when plaintiff was retiring and stated that plaintiff was part of "old guard," where these comments made in a different context from the decision not to rehire plaintiff); Braun, 2018 WL 3597504, at *6 (dismissing a complaint for having insufficient facts where plaintiff alleged that employer terminated older employees and retained younger employees, individual defendants had told plaintiff to get a job as a greeter at Wal-Mart, and plaintiff was terminated shortly after inquiring about her retirement benefits).

As with Grastorf's Title VII claims, this Court lacks any facts from which it could even minimally infer the requisite discriminatory causality in her age-discrimination claim. Grastorf states that she is over 40, that she was qualified for her job, and that she was terminated. She provides no facts that would allow this Court to infer her employer's motivation, not even the "bits and pieces" that suffice under Littlejohn. For this reason, the Bank's motion to dismiss will be granted as to Grastorf's age-discrimination claims. As with Grastorf's Title VII claims, this Court will afford her the opportunity to file an amended complaint with respect to her ADEA claims.

### D.   New York Human Rights Law Claims

Grastorf brings her claims under New York human rights law, as well as under Title VII and the ADEA.

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). Subsection (c) of § 1367 "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997). A district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c)(3).

Having granted dismissal of Grastorf's claims arising under Title VII and the ADEA, this Court declines to exercise supplemental jurisdiction over her state law claims. See, e.g., United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). This Court will therefore grant the Bank's motion to dismiss Grastorf's claims arising under New York law, with leave granted to Grastorf to file an amended complaint.

## IV.  CONCLUSION

Because Grastorf has failed to allege even the minimal facts necessary to support an inference of a discriminatory motive, the Bank's Motion to Dismiss her employment discrimination complaint is GRANTED. Because it finds it is in the interest of justice to do so, this Court also grants Grastorf leave to amend her complaint.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff is granted leave to amend her complaint.

FURTHER, that if Plaintiff does not file an amended complaint within 14 days of the entry date of this decision, the Clerk of Court is directed to CLOSE this case without further order of this Court.

SO ORDERED.

Dated:   November 17, 2020
         Buffalo, New York

                                           s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                       United States District Judge