UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA GRASTORF,

        Plaintiff,

    v.

COMMUNITY BANK, N.A.,

        Defendant.

**DECISION AND ORDER**

19-CV-1627S

## I.  INTRODUCTION

In this action, Plaintiff Diana Grastorf asks this Court to reconsider its decision dismissing her complaint for failure to state a claim. Grastorf argues that this Court mistakenly applied a heightened pleading standard to her claim of employment discrimination on the basis of sex and age. For the following reasons, Grastorf's motion will be denied but, as stated in this Court's previous decision, she is granted leave to file an amended complaint.

## II.  BACKGROUND

Diana Grastorf, a female who is over the age of 40, held the position of Branch Manager with Defendant Community Bank, N.A. ("the Bank) for an unspecified period of time. (Complaint, Docket No. 1, ¶¶ 8-10.) On an unspecified date, the Bank terminated her position. (Id., ¶¶ 11-12.) Grastorf was qualified for her position at the Bank, had received good performance reviews, and received a merit increase in pay in January 2019. (Id., ¶¶ 18-20.)

After Grastorf was terminated, the branch of the Bank where she had worked

remained open, and her duties were performed by another, unspecified, person. (Id., ¶¶ 21-22, 30-31.) Grastorf's complaint does not provide any details of her work conditions before her termination, who terminated her, or who replaced her.

Grastorf experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life as a result of the Bank's actions. (Id., ¶ 32.)

### III.  DISCUSSION

Grastorf alleged three causes of action in her complaint: wrongful termination on the basis of sex in violation of Title VII; wrongful termination on the basis of age in violation of the ADEA, and wrongful termination the bases of sex and age in violation of New York human rights law.

In granting Defendant's motion to dismiss, this Court held that Grastorf had not alleged facts that gave "plausible support to a minimal inference of discriminatory motivation." (Docket No. 11 at p. 5, citing Littlejohn, 795 F.3d at 311 (2d Cir. 2015)). Grastorf seeks reconsideration on the basis that this Court applied the wrong standard in dismissing her complaint.  Defendant opposes Grastorf's motion.

A.   **Motion for Reconsideration**

To succeed on a motion for reconsideration under Fed. R. Civ. P. 59(e), the movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. Papadopoulos v. US Gov't (FBI), No. 19-CV-4597 (LLS), 2019 WL 2498266, at *1 (S.D.N.Y. June 17, 2019). Relief can also be granted to correct a clear error or prevent manifest injustice.  Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).

The existence of new evidence may also justify reconsideration.  See Virgin Atl., 956 F.2d at 1255.

The rule is not, however, a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'"  Cruz v. Barnhart, No. 04 Civ. 9794 (DLC), 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The decision to grant a Rule 59 (e) motion falls within the sound discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993). Nonetheless, relief under Rule 59 (e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Universal Trading & Inv. Co. v. Tymoshenko, No. 11 Civ. 7877 (PAC), 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

**B.     Pleading standard for employment discrimination cases**

Grastorf argues that this Court erred when it found that she had not stated sufficient facts to support a plausible inference of discrimination.

This is essentially the same argument Grastorf made in opposing Defendant's motion to dismiss. (See Docket No. 9 at p. 10.) Grastorf points to cases stating that she need only demonstrate that the most common reasons for a failure to hire did not apply. (Docket No. 12-1 at p. 3, citing Int'l. Broth. Of Teamsters v. United States, 431 U.S. 324, 358, 97 S. Ct. 1843, 1866, 52 L. Ed. 2d 396 (1977), Texas Dep't of Community Affairs v.

3

Burdine, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1982)). These cases are not directly on point, however, nor do they address the pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal.  566 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  In Iqbal, the Supreme Court held that that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8 (a)(2)).

In Littlejohn, the Second Circuit interpreted discrimination pleading requirements in light of Iqbal, holding that a plaintiff's facts giving "plausible support to a minimal inference of discriminatory motivation."  See Littlejohn, 795 F.3d 311 (2d Cir. 2015). Applying this rule, this Court found that Grastorf did not allege sufficient facts to move her claims from possible to plausible.

With her motion, Grastorf simply seeks to relitigate her unsuccessful position.  She has not demonstrated that this Court overlooked material matters or that this Court's decision contains clear error or constitutes a manifest injustice. For these reasons, Grastorf's motion under Rule 59 is denied.

## IV.  CONCLUSION

Because Grastorf has not meet her burden on a motion for reconsideration, her motion is denied. In the interest of justice, however, she will be granted leave to amend her complaint.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 12) is DENIED.

FURTHER, that Plaintiff is granted leave to amend her complaint.

FURTHER, that if Plaintiff does not file an amended complaint within 14 days of the entry date of this decision, the Clerk of Court is directed to CLOSE this case without further order of this Court.

SO ORDERED.

Dated:     March 23, 2021
           Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
