UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

DIANA GRASTORF,

                    Plaintiff,

         v.                                    **DECISION AND ORDER**
                                               19-CV-1627S
COMMUNITY BANK, N.A.,

                    Defendant.

═══════════════════════════════

## I.    Introduction

In this action, Plaintiff Diana Grastorf seeks damages from her former employer, Community Bank, N.A. ("the Bank"), for violations of her rights under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the sex and age discrimination provisions of the New York State Human Rights Law.  Grastorf claims the Bank discriminated against her by terminating her due to her age and gender.

Previously, this Court granted the Bank's Motion for Summary Judgment (Docket No. 33) dismissing the Amended Complaint, Grastorf v. Community Bank, N.A., 2023 WL 2266336 (W.D.N.Y. Feb. 28, 2023) (Skretny, J.) (Docket No. 41).  Familiarity with this Decision (and earlier Decisions herein, Grastorf v. Community Bank, N.A., No. 19CV1627, 2020 WL 6777496 (W.D.N.Y. Nov. 17, 2020) (Skretny, J.) (Docket No. 11); Grastorf v. Community Bank, N.A., No. 19CV1627, 2021 WL 1100686 (W.D.N.Y. Mar. 23, 2021) (Skretny, J.) (Docket No. 16)) is presumed.

Plaintiff then filed her present Motion for Reconsideration (Docket No. 43[1]) of the February 2023 Dismissal.  For the following reasons, Plaintiff's Motion (id.) is denied and this case remains dismissed.

## II.    Background

### A.  Prior Proceedings

Diana Grastorf, a female who is over the age of 40, held the position of branch manager with the Bank until her termination (see Docket No. 1, Compl.).  The Bank moved to dismiss the original Complaint (Docket No. 6), and this Court granted that Motion, Grastorf, supra, 2020 WL 6777496 (W.D.N.Y. Nov. 17, 2020) (Skretny, J.) (Docket No. 11), while granting Plaintiff leave to amend her Complaint, id. at *4, 5.  This Court then denied Plaintiff's first Motion for Reconsideration (Docket No. 12), reasserting her leave to amend the Complaint, Grastorf, supra, 2021 WL 1100686, at *2 (W.D.N.Y. Mar. 23, 2021) (Skretny, J.) (Docket No. 16).

### B.  Amended Complaint (Docket No. 17)

Plaintiff duly amended her Complaint (Docket No. 17), claiming that she left the Bank branch either to complete customer banking that could not be performed there (id. ¶ 12) or she left early to pick up her child from school (offering to make up the missed time later) (id. ¶ 13).  Plaintiff points to a younger employee, Carrie Beardsley, who was allowed to take time from work to pick up her children without sanction by the Bank (id. ¶¶ 15-18).  Plaintiff cites another employee, Jim Knapp, who routinely left the Bank to go to Bank's customers without sanction (id. ¶¶ 19, 21).

---

[1]In support of her Motion, Plaintiff submits her Memorandum of Law, Docket No. 43, and her Reply Memorandum, Docket No. 46.
Defendant filed a Memorandum of Law responding to this Motion, Docket No. 45.

In June 2019, however, the Bank fired Plaintiff (id. ¶ 23).  Plaintiff later learned that the Bank terminated her for traveling to customers to complete business and leaving work to pick up her child, despite these practices being allowed for other employees (id. ¶ 25). Grastorf concludes, upon information and belief, that the Bank terminated her because of her gender and her age (id. ¶¶ 26, 27).

The Amended Complaint alleges two Causes of Action:  the First Cause of Action asserts violations of Title VII, 42 U.S.C. §§ 2000e, et seq., and New York State Human Rights Law, N.Y. Exec. L. §§ 290, et seq., for sex discrimination in her termination (id. ¶¶ 29-36); meanwhile the Second Cause of Action alleges violations of the ADEA, 29 U.S.C. § 623, and the New York Human Rights Law in terminating Plaintiff due to her age (id. ¶¶ 38-46).

The Bank answered the Amended Complaint (Docket No. 18).

### C. Grant of the Bank's Motion (Docket No. 33) for Summary Judgment Dismissing the Amended Complaint

The Bank later moved for Summary Judgment (Docket No. 33) dismissing the Amended Complaint.  According to its Statement of Material Facts (Docket No. 33, Def. Statement), Plaintiff was employed by the Bank as branch supervisor for the Angelica, New York, branch (id. ¶ 3).

In early 2019 Plaintiff's supervisor, district manager Julie Hall, became suspicious that Plaintiff was falsifying her time records (id. ¶ 9).  Plaintiff claims that Defendant has a prejudice and animus in concluding Plaintiff falsified her time records (Docket No. 39, Pl. Statement ¶ 9) based upon Ms. Hall's misrepresentations about Grastorf's time entries (Docket No. 39, Pl. Memo. at 6, 12).  Plaintiff claims she left work early due to being out of the office on business (Docket No. 39, Pl. Statement ¶¶ 13-14; see Docket No. 33, Def.

3

Statement ¶ 14).   Management called or attempted to visit the Angelica branch after consumer hours and found no one (including Grastorf) there (Docket No. 33, Def. Statement ¶¶ 10, 15).

Ms. Hall raised her falsification concerns with the Bank's human resources generalist, Valeri Erlandson (id. ¶¶ 16-17).  Ms. Erlandson proceeded to investigate these claims by reviewing Plaintiff's time entries during a sample two-week period (from May 1-16, 2019) (id. ¶¶ 20-21).   Ms. Erlandson next reviewed surveillance camera footage as well as email and telephone records from that period to find the accuracy of Grastorf's time entries (id. ¶¶ 22, 23-24).  Ms. Erlandson concluded that Grastorf misreported her time (id. ¶ 33), falsifying her time entries (id. ¶ 25).

Plaintiff, however, denies misrepresenting her work hours during the period of May 1 and 16, 2019 (Docket No. 39, Pl. Statement ¶¶ 29, 32; see id. ¶¶ 26-28, 30-31 (lacks information to admit or deny allegations)).  Grastorf argues that Ms. Hall lied about Grastorf's time entries leading to Ms. Erlandson's investigation ad Grastorf's termination (Docket No. 39, Pl. Memo. at 12, 6).  In her present Motion for Reconsideration, Grastorf contests the Bank's allegations and urges this Court disregard the Bank's submissions (Docket No. 43, Pl. Memo. at 3 & n.2, 7 & n.18).

On June 5, 2019, Ms. Hall and Ms. Erlandson met Grastorf and informed her that they had sufficient evidence of falsified time entries to justify letting Grastorf go (Docket No. 33, Def. Statement ¶ 35; see Docket No. 39, Pl. Statement ¶ 35 (admitting assertion)).

Now criticizing her termination, Plaintiff compares her circumstances to that of two employees (Carrie Beardsley and Jim Knapp) named in her Amended Complaint where each was allowed to leave during work hours either for family obligations or providing

4

remote customer service (Docket No. 33, Def. Statement ¶¶ 39, 41, 44, 52).  The Bank argues that Ms. Beardsley and Mr. Knapp worked at different branches than Plaintiff did and performed different duties from her (id. ¶¶ 42-43, 53-55).  Unlike Grastorf, the Bank also points out that Beardsley gave notice to her supervisor when she needed to leave work early (id. ¶ 45).

Grastorf contends that the Bank has not shown that her absences from the office were not work-related (Docket No. 39, Pl. Statement ¶¶ 46, 49-50).  Plaintiff denies leaving at 3 pm and not returning (id. ¶ 47).  She believes her duties compared favorably with Mr. Knapp's because the Bank did not state all duties as bank manager, including fostering customer relationships, business development, community involvement, lead development, and small business outreach (id. ¶ 53).  Plaintiff also lacks information about Mr. Knapp's position to respond to the allegations (id. ¶¶ 54-55).

This Court granted the Bank summary judgment and dismissed this case, Grastorf, supra, 2023 WL 2266336.  Applying the McDonnell Douglas analysis for the sex and age discrimination claims, McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (sex discrimination); see Zurich Am. Life Ins. Co. v. Nagel, No. 20-CV-11091 (JSR), 2022 WL 759375, at *20 (S.D.N.Y. Mar. 12, 2022) (ADEA); Granica v. Town of Hamburg, 237 F. Supp. 3d 60, 75 (W.D.N.Y. 2017) (Skretny, J.) (ADEA), this Court found that Grastorf has not alleged a prima facie case for her alleged discrimination, Grastorf, supra, 2023 WL 2266336 at *4, 6, 7.  Alternatively, this Court then concluded that the Bank showed a legitimate, non-discriminatory reason for terminating Grastorf because of her unexcused departures from work and falsifying her time records, id. at *7, 8.

Since the New York Human Rights Law sex and age discrimination claims have identical standards as the federal anti-discrimination claims, this Court exercised supplemental jurisdiction over Grastorf's state discrimination claims and dismissed them for the same reasons as the analogous federal claims, id. at *8.

D.  Plaintiff's Motion for Reconsideration (Docket No. 43)

After dismissal of this case and entry of Judgment on March 1, 2023 (Docket No. 42), on March 14, 2023, Plaintiff filed timely her pending Motion to Reconsider (Docket No. 43) pursuant to Federal Rule of Civil Procedure 59(e).  Upon the parties' briefing (Docket Nos. 43, 45, 46), this Motion was submitted without oral argument.

### III.    Discussion

A.  Applicable Standard—Motion for Reconsideration, Rule 59(e)

A Motion to Alter or Amend a Judgment such as Grastorf's here must be filed within 28 days of entry of Judgment, Fed. R. Civ. P. 59(e), as Grastorf did here.

The Rule 59(e) Motion "must request a substantive alteration of the judgment, not merely the correction of a clerical error," 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 152 (Civil ed. 2012).  Relief available under this rule includes reconsideration, id. at 153-54, 154 n.8; Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995).

This Court has considerable discretion in granting this relief, 11 Federal Practice and Procedure, supra, § 2810.1, at 156; McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Reconsideration is an extraordinary remedy "to be employed sparingly in the interest of finality and conservation of scarce judicial resources," QS Holdco Inc. v. Bank of America Corp., No. 18-CV-824 (RJS), 2019 WL 1095992, at *2 (S.D.N.Y. Sept. 10,

2019) (Docket No. 45, Def. Memo. at 2); 11 Federal Practice and Procedure, supra, § 2810.1, at 156-57.  Rule 59(e), however, is not the vehicle to raise new arguments that could have been raised initially or relitigate issues already decided by the Court, QS Holdco, supra, 2019 WL 1095992, at *2; Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted) (id.).

Reconsideration of a prior decision is justified in the following circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (Siragusa, J.) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)); 11 Federal Practice and Procedure, supra, § 2810.1, at 158-62.  Plaintiff here seeks reconsideration to correct a clear error of law (see Docket No. 43, Pl. Memo. at 2).

"A motion for reconsideration is appropriate where the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion," Townsend v. Benjamin Enters., Inc., No. 05CV9378 (GAY), 2009 WL 3722716, at *1 (S.D.N.Y. Nov. 6, 2009) (Yanthis, Mag. J.) (emphasis in original).  Where "no useful purpose can be served by amending a judgment in the manner requested, a motion for amendment is properly denied," Crane Co. v. American Standard, Inc., 88 F.R.D. 199, 208 (S.D.N.Y. 1980); 11 Federal Practice and Procedure, supra, § 2810.1, at 164, 171 & n.24.

B.  Title VII and ADEA Standards

Previously (Grastorf, supra, 2023 WL 2266336, at *4), this Court held that Plaintiff must identify for her Title VII claim a protected class (here, women), identify an adverse action, show that she was qualified for the job, and that the job was still being performed to allege a Title VII claim, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see Littlejohn v. City of N.Y., 795 F.3d 297, 307 (2d Cir. 2015); Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam).

McDonnell Douglas is an evidentiary standard, see Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding it is not a heightened pleading standard for employment discrimination cases); Littlejohn, supra, 795 F.3d at 307, 308-09, 302 (on motion to dismiss).  Mere allegation of these elements may satisfy Rule 8 pleading but evidence is required to prove the claim or resist a Motion for Summary Judgment.

Plaintiff thus must show membership in a protected class, qualification to perform the job, that she suffered an adverse employment action and has "minimal evidence suggesting an inference that the employer acted with discriminatory motivation, such a showing will raise a temporary 'presumption' of discriminatory motivation" to then shift the burden to Defendant employer, Littlejohn, supra, 795 F.3d at 307, citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

"The sine qua non of a gender-based discriminatory action claim under Title VII is that 'the discrimination must be because of sex,'" Patane, supra, 508 F.3d at 112 (quoting

Leibovitz v. New York City Transit Auth., 252 F.3d 179, 189 (2d Cir. 2001) (emphasis in original)).  Mistreatment at work is actionable under Title VII (and the ADEA) "only when it occurs because of an employee's sex, or other protected characteristic," Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001); Patane, supra, 508 F.3d at 112.

Under McDonnell Douglas and Burdine, Plaintiff bears the burden of demonstrating that sex was a motivating factor in her adverse employment action, McDonnell Douglas, supra, 411 U.S. at 802-04; Burdine, supra, 450 U.S. 248, 252-56.  Under that standard, Plaintiff establishes a prima facie case of discrimination by a preponderance of the evidence, Burdine, supra, 450 U.S. at 252-54, 252-53.  This burden "is not onerous," id. at 253, basically that Plaintiff is employed in a job she was qualified for but was rejected or otherwise hindered under circumstances that give rise to an inference of unlawful discrimination, id.  The prima facie case creates a presumption of unlawful discrimination by the Defendant employer, id.  The prima facie case stage does serve "an important function" of eliminating the common nondiscriminatory reasons for the negative employment decision, id. at 254 (see id. at 5 & n.8).

If Plaintiff meets this initial burden, the burden shifts to Defendant to articulate some legitimate, nondiscriminatory reason for its action, id. at 254-56.  If that has been met, the burden shifts back to Plaintiff to show, beyond the prima facie case, that this was not the true reason for the employment decision, id. at 256; see McDonnell Douglas, supra, 411 U.S. at 804-05.  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff," Burdine, supra, 450 U.S. at 253.  As noted by the Burdine Court, the McDonnell Douglas evidentiary burden shifting "serves to bring the litigants and the court

expeditiously and fairly to this ultimate question," id., or as later held in the TWA case, "that the 'plaintiff [has] his [or her] day in court despite the unavailability of direct evidence,'" Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (quoting Loeb v. Textron, Inc., 600 F.2d 1003, 1014 (1st Cir. 1979)) (alterations added).

Grastorf states an ADEA age discrimination claim by demonstrating that she was in a protected age group (persons over the age of 40), that she was qualified for her position, that she was subject to an adverse employment action due to her age, and that the action occurred under circumstances that give rise to an inference of discrimination, Zurich, supra, 2022 WL 759375, at *20.

Grastorf's ADEA claim also is under a McDonnell Douglas burden shifting analysis, see Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 140, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (assuming the framework applied).  "When a plaintiff alleges disparate treatment, 'liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.'  Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)," Reeves, supra, 530 U.S. at 141.  Thus, Plaintiff's age "must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome," Hazen Paper, supra, 507 U.S. at 610.

Grastorf here alleges two other employees were allowed to leave work early without sanction while she eventually was terminated for it (Docket No. 17, Am. Compl. ¶¶ 9-27).

"Absent direct evidence demonstrating discriminatory intent, '[a] plaintiff can raise an inference of discrimination by demonstrating the disparate

> treatment of similarly situated employees but "must show [he] was similarly
> situated in all material respects to the individuals with whom [he] seeks to
> compare [him]self.'"   Kosack v. Entergy Enters., Inc., No. 14-CV-9605,
> 2019 WL 330870, *6–7 (S.D.N.Y. Jan. 25, 2019) (quoting Mandell v. County
> of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003)); see also Brown v. Daikin Am.
> Inc., 756 F.3d 219, 230 (2d Cir. 2014) (holding that to establish disparate
> treatment, a plaintiff must allege that "[he] was similarly situated in all
> material respects to the individuals with whom [he] seeks to compare
> [him]self" (citation omitted)).

Novick v. Village of Wappingers Falls, N.Y., 376 F. Supp. 3d 318, 342 (S.D.N.Y. 2019).

To be similarly situated, the coworkers need to be similar in all material respects to the

claimant, id.; Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997).  "All

material respects" here means showing "that similarly situated employees who went

undisciplined engaged in comparable conduct," Graham v. Long Is. R.R., 230 F.3d 34,

40 (2d Cir. 2000), that the employees are subject to same workplace standard and "a

reasonably close resemblance of facts and circumstances," id.

The standard for discrimination claims under the New York Human Rights Law are

the same as Title VII and ADEA claims, applying the three-part McDonnell Douglas

burden shifting analysis, Grastorf, supra, 2023 WL 2266336, at *8 (citing cases, e.g.,

Murray v. Williamsville Cent. Sch. Dist., 535 F. Supp. 3d 164, 171-72 (W.D.N.Y. 2021)

(Skretny, J.)).

C.  Parties' Contentions

Plaintiff contends that this Court committed legal errors that warrant

reconsideration of the grant of summary judgment to the Bank (Docket No. 43, Pl.

Memo.).

First, Grastorf contends that this Court impermissibly relied upon the Bank's

disputed assertions of fact (id. at 2, 7).

11

Grastorf then argues that this Court erred in stating the prima facie standard by adding that she needed to allege circumstances that gave rise to an inference of discrimination (for example whether similarly situated comparator exists to show this inference), contrary to Supreme Court precedent.  Plaintiff relies upon Burdine for not having that inference as an element.  (Docket No. 43, Pl. Memo. at 4, 5-6, citing Burdine, supra, 450 U.S. at 253-54.)  She raises this argument despite the Burdine Court stating the element that the plaintiff was rejected "under circumstances which give rise to an inference of unlawful discrimination," Burdine, supra, 450 U.S. at 253, while acknowledging that the standard "is not inflexible" and recognizes the fact specific nature of Title VII cases, id. at 253 n.6.  Grastorf contends she proved her prima facie case by showing that the common reasons for her termination did not apply, lack of qualifications or absence of a vacancy (id. at 5 & n.9, quoting International Broth. of Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)).

Plaintiff then argues this Court impermissibly conflates the second and third steps in the McDonnell Douglas burden shifting in considering the Bank's contention of a non-discriminatory reason for her termination (id. at 6-8).  She claims the Bank did not produce admissible evidence for its defense thus should not have judgment entered in its favor (id.).  She argues the Bank's declaration is not sufficient to articulate nondiscriminatory reason (id. at 7 & n.14, citing Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 38 (2d Cir. 1994)).  In Chambers, the Second Circuit concludes that defendant TRM Copy Centers' proffer of nondiscriminatory reasons raised questions of fact and that plaintiff Lorenzo Chambers' evidence withstood TRM's Motion for Summary Judgment, Chambers, supra, 43 F.3d at 40.

The Bank counters that Grastorf has not claimed an intervening change in the law or new evidence to compel reconsideration (Docket No. 45, Def. Memo. at 2). The Bank contends that this Court properly applied controlling law in granting summary judgment (id. at 3-8). The Bank defends its submission of declarations in support of its Summary Judgment—and this Court's consideration of these documents—as proper submissions under Federal Rule of Civil Procedure 56(c)(1) (id. at 3-4), see Sherman v. Kang, 205 F.3d 1324 (2d Cir. 2000) (summary Order). The Second Circuit in Sherman held plaintiff Kumcha Sherman was not entitled to denial of summary judgment merely upon her conclusory statements or "her contentions that affidavits submitted in support of the motion were not credible," id., citing L&L Started Pullets, Inc. v. Gourdine, 762 F.2d 1, 3-4 (2d Cir. 1985).

Next, the Bank argues that Grastorf's submission argument is novel and not raised initially, hence should be disregarded on a Motion for Reconsideration (id. at 4-5), see Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) (new facts, issues, or arguments not previously present may not be presented in Rule 59(e) Motion, citation omitted). Furthermore, the Bank argues that Grastorf has not submitted any evidence in admissible form to refute the facts alleged by the Bank employees (id. at 4).

The Bank agrees that this Court applied the appropriate prima facie standard to Grastorf's discrimination claims, arguing that that Grastorf did not meet the initial burden that she showed circumstances that gives rise to an inference of age or sex discrimination (id. at 5-6). Alternatively, the Bank adopts this Court's finding that the Bank had a legitimate, non-discriminatory basis for termination of Grastorf's employment (id. at 7).

Grastorf argues that <u>McDonnell Douglas</u> was not the applicable standard (<u>see</u> Docket No. 43, Pl. Memo. at 7-8) but the Bank disagrees (Docket No. 45, Def. Memo. at 7-8), <u>Willford v. United Airlines, Inc.</u>, No. 21-2483, 2023 WL 309787, at *2 (2d Cir. Jan. 19, 2023) (Title VII sex discrimination); <u>Rinaldi v. Mills</u>, No. 21-2630, 2022 WL 17480081, at *1 (2d Cir. Dec. 7, 2022) (age discrimination), observing that Plaintiff herself used the <u>McDonnell Douglas</u> tripartite analysis (<u>id.</u> at 8; <u>see</u> Docket No. 39, Pl. Memo. at 7).

### D.  This Court Declines to Reconsider Dismissal of This Case

Plaintiff invokes legal error as the sole basis for reconsideration of the grant of summary judgment to the Bank.  Grastorf argues three legal errors—reliance upon the Bank's contested facts; this Court's application of <u>prima facie</u> case standard; and misapplication of the second and third <u>McDonnell Douglas</u> steps—that warrant reconsideration.  Each argument fails.  As discussed below, this Court concludes that there was no legal error to reconsider entry of Judgment against Plaintiff.  Her Motion (Docket No. 43) for Reconsideration is denied.

#### 1. Bank Produced Admissible Evidence Without Evidentiary Challenge by Grastorf

Grastorf first argues that her evidence in opposing the Motion for Summary Judgment must be accepted while only the Bank's uncontested, unimpeached testimony from disinterested witnesses is to be believed (Docket No. 43, Pl. Memo. at 3).  She claims that the Bank's Declarations are from one biased witness and are contested, thus this Court should not have accepted Defendant's version as fact (<u>id.</u> at 3-4, 7).

First, Plaintiff has not presented admissible evidence in opposition to that Motion.  Grastorf makes conclusory credibility arguments against receiving these declarations.  Grastorf needed to submit evidence to impugn the Bank witnesses' credibility to raise an

issue of material fact to preclude summary judgment to the Bank.  Grastorf does not do this.

Second, Grastorf claims only one of the two Bank witnesses is somehow biased, referring to her supervisor Julie Hall whom she claims promulgated falsehoods about Grastorf's time entries leading to Plaintiff's firing (Docket No. 39, Pl. Memo. at 6, 12).  But in her original response to the Bank's Summary Judgment Motion, she argues this falsehood theory without supplying evidence to support it or to show Ms. Hall's animus. As for the Bank's other declarant, Valeri Erlandson, Grastorf originally argued that Ms. Hall lied to Erlandson and convinced her of Grastorf's falsified time entries (id. at 12). Grastorf, however, has not presented evidence either in response to the Bank's Motion or in support of her reconsideration Motion of Ms. Hall's falsehood or to refute that Ms. Erlandson independently investigated Grastorf's time entries.  Thus, Grastorf argues conclusions of Ms. Hall's bias and has not presented evidence to raise a material issue of fact on this issue.

Third, the Bank is correct (Docket No. 45, Def. Memo. at 3) that under Rule 56(c)(1)(A) it can support facts in its Motion for Summary Judgment by affidavits or declarations.  Plaintiff has not produced a sworn statement or other evidence refuting the declarations from the two Bank officials to raise a material issue of fact.

Plaintiff cites Reeves v. Sanderson Plumbing, supra, 530 U.S. at 151, on how each party's evidence should be received (Docket No. 43, Pl. Memo. at 3-4).  That case, however, is distinguishable.  First, Reeves is a Rule 50 Motion for Judgment as a Matter of Law after a jury verdict for plaintiff Roger Reeves, id. at 138-39, not a summary judgment Motion as presented here.  Second, the Reeves Court then considered whether

a defendant was entitled to judgment when plaintiff's case consisted "exclusively of a prima facie case of discrimination and sufficient evidence for the trier of fact to disbelieve defendant's legitimate, nondiscriminatory explanation for its actions," id. at 137, 140 (whether that proof is sufficient to sustain a finding of liability for intentional discrimination). The Court then held that, under Rule 50, the district court should give credence to evidence favoring the nonmovant as well as movant's evidence that is uncontradicted and unimpeached, id. at 151 (citing what is now published as 9B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2529, at 473-74 (Civil 3d ed. 2008) (what evidence may be considered under Rule 50)).

Here, Community Bank moved for summary judgment asserting entitlement to judgment as a matter of law and the absence of issues of material fact, presenting declarations about cause for firing Grastorf. Plaintiff, however, has not asserted in an admissible form contradiction to the Bank's declarations. She disputes the Bank's stated facts for her termination but does not present admissible evidence supporting the dispute.

Grastorf's objections go to the credibility of the Bank's witnesses. A question of the credibility of a witness in a summary judgment Motion raises an issue of fact that precludes summary judgment, 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713.1, at 276 (Civil ed. 2016), but only upon a proffer of admissible evidence, id. § 2726, at 452-53. "Unsupported allegations that credibility is in issue will not suffice," id. at 453 & n.9 (citing cases).

Grastorf here claims that the Bank's declarants were biased, that they were not cross-examined, and thus should not have been considered since their credibility has not been tested (Docket No. 43, Pl. Memo. at 4). She does not allege how these Bank

officials were biased beyond her conclusion of the baselessness of her termination and her argument of falsehoods by Ms. Hall.  Grastorf merely makes conclusory statements of incredibility.

Her original opposition papers to the Bank's Summary Judgment Motion objected to facts asserted by the Bank's employees but only as stated in her Statement of Fact (Docket No. 39, Pl. Statement ¶¶ 9, 25, 29, 33), see Grastorf, supra, 2023 WL 2266336, at *5 (Grastorf contending that Ms. Hall falsified her accusations against Grastorf), but not in a sworn statement or affidavit.  That Statement (id.) has minimal citations to the evidentiary record or arguments asserting prejudice or animus on the part of Defendant (e.g., id. ¶ 9) without any evidence to substantiate the claims.  In other instances, Grastorf there responded to some of these allegations by claiming that she lacked sufficient information to admit or deny them (e.g., id. ¶¶ 16, 19-20, 26).  Where she denies falsification of time reporting (id. ¶¶ 25, 33), Grastorf has not cited admissible evidence to support the denial.

A Rule 56 Statement does not constitute admissible evidence under Rule 56 sufficient to defeat a Summary Judgment Motion, Milbrand v. Smith & Wesson Corp., No. 96CV806, 1998 WL 864885, at *2 (W.D.N.Y. Dec. 1, 1998) (Elfvin, J.) (Rule 56 Statement, memorandum of law, and attorney's affidavit are not admissible evidence).  Absent citations to the record in a Rule 56 Statement as here, this Court is free to disregard the Statement's assertion, Holtz v. Rockefeller & Co., 258 F.3d 62, 73-74 (2d Cir. 2001); see also Monahan v. N.Y.C. Dep't of Corrections, 214 F.3d 275, 292 (2d Cir. 2000) (Court is not required to consider what the parties fail to point out in their papers).

Grastorf here conclusively stated her opposition to the facts stated in the Bank's Rule 56 Statement with little to no evidence supporting her opposition, see Kearney v. Pyramid Mgmt. Group, Inc., No. 98CV531, 2000 WL 744000, at *3 n.5 (W.D.N.Y. June 5, 2000) (Elfvin, J.) (plaintiff's affidavit and absent a Rule 56 Statement constrained Court to adopting facts asserted in movants' Statement and affidavit alone found to be factually insufficient to counter movants' array of admissible evidence). Beyond Grastorf's denial statements, there was no issue of material fact as to the Bank officials' credibility. Merely presenting a scintilla of contrary evidence does not defeat summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Furthermore, Grastorf's present Motion for Reconsideration does not include an affidavit or affirmation raising the credibility of the defense witnesses. She further does not point out in the present Motion to the contradicted facts that raise credibility issues. Had she tried to do so in this Motion, Rule 59(e) is not the appropriate method to raise new facts or arguments, e.g., Sequa Corp., supra, 156 F.3d at 144.

Thus, this Court appropriately considered the Bank's evidence (the declarations of Hall and Erlander) for its reasons for terminating Grastorf without contradiction from her to show a material issue of fact. There is no basis to reconsider reliance upon the Bank's evidence in support of its Motion.

   2. Plaintiff Has Not Stated a Prima Facie Case for Sex or Age Discrimination Claims

Second, Plaintiff relies upon Burdine for the proper standard for asserting her discrimination claims (Docket No. 43, Pl. Memo. at 4-6) but she misapplies that standard. The Burdine Court acknowledges that the factual issues and character of evidence to

18

present the facts vary in applying the McDonnell Douglas standard, Burdine, supra, 450 U.S. at 252 n.5, see id. at 253 n.6; McDonnell Douglas, supra, 411 U.S. at 802 n.13 ("facts necessarily will vary in Title VII cases" and the prima facie standard "is not necessarily appliable in every respect in differing factual situations").  After describing the burden shifting analysis of McDonnell Douglas, the Burdine Court stated that Plaintiff meets the "not onerous" prima facie burden by proving by preponderance of the evidence "that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination," Burdine, supra, 450 U.S. at 253.  In that case "it was not seriously contested that [Burdine] has proved a prima facie case," id. at 253 n.6, by Joyce Ann Burdine showing that she was a qualified woman who sought the available position, that the job was left open until later filled by a man who had been under her supervision, id.  The Court in Burdine then discussed whether the appropriate standard was applied when the burden shifted to defendant to show a nondiscriminatory reason for the employment action, see id. at 256-60.

This Court applied these standards in deciding the Bank's Motion for Summary Judgment, Grastorf, supra, 2023 WL 2266336, at *4.  Here the issue was whether Grastorf first showed a prima facie case to shift the burden to Defendant Bank.  To do this, Plaintiff thus showed her membership in two protected classes as a woman over 40 years old, her qualification to perform the job, and that she suffered an adverse employment action in being terminated, see Littlejohn, supra, 795 F.3d at 307.  Grastorf's claim here is that she remained qualified as a bank manager when she was terminated.

Grastorf, however, did not establish her prima facie case by showing circumstances that one could infer her termination was due to either age or sex discrimination.  Despite urging that the above proof thus established her prima facie case (see Docket No. 43, Pl. Memo. at 4), Grastorf fails to address the minimal evidence of whether she showed that the Bank acted with a discriminatory motivation, Burdine, supra, 450 U.S. at 253.

In her Amended Complaint (Docket No. 17), Grastorf claims to allege circumstances that give rise to an inference of discrimination by alleging the comparison how the Bank treated Grastorf's early departures from work with the departures allowed for two other employees.  The Bank fired her for her time entries while the two employees were not.  (Id. ¶¶ 9-21, 23, 25-27; see Docket No. 39, Pl. Memo. at 13.)  Grastorf asserted those comparisons to allege the circumstances of discrimination.

The February 28th Decision evaluated these comparisons to determine whether Grastorf alleged circumstances raising an inference of discrimination, Grastorf, supra, 2023 WL 2266336, at *6.  On this record, Grastorf only presented two of over 200 Bank employees and the allowances the Bank gave them for early departures.  But these two employees were distinct from Grastorf in either having duties that require travel out of the office or the employee receiving permission to depart early.  Grastorf has not presented contrary evidence that she notified her supervisors of her taking early leave or receiving permission for such departures.  Further, she did not present evidence of other employees leaving early without leave from Bank management or falsifying time records as the Bank accused her of doing.  While including in her job duties tasks that require leaving the office, Grastorf had not supplied instances when she had to leave early to

20

perform those tasks (particularly during the two-week period the Bank's management monitored her time at the branch).

Grastorf has not asserted any other basis for raising the discriminatory inference. For instance, she has not claimed that Bank officials cited her age or gender as reasons for adverse employment actions against her, including her termination.   Even if one accepts her contention (despite lacking evidence supporting the contention) that the Bank's officials distorted the falsification allegations against Grastorf to mask their discriminatory action in firing her (cf. Docket No. 39, Pl. Memo. at 5), Grastorf has not alleged the basis for the underlying discrimination that was masked.   Instead, she states the conclusion that she was terminated due to her sex and age.   Without evidence, Grastorf failed to raise a material issue of fact to deny summary judgment; thus, this Court denies reconsideration.

3.   The Bank Presents a Non-Discriminatory Reason for Terminating Plaintiff

Third, Grastorf argues that this Court erred in conflating the second and third steps in the McDonnell Douglas analysis (Docket No. 43, Pl. Memo. at 6-8).  Assuming Grastorf had stated her prima facie case by meeting its minimal proof standard for establishing circumstances for inferences of age or sex discrimination against her, as considered in the February 28th Decision, Grastorf, supra, 2023 WL 2266336, at *7, the burden shifts to the Bank to rebut the presumption of discrimination with evidence that it terminated Grastorf on a legitimate, nondiscriminatory reason, Burdine, supra, 450 U.S. at 254.

Here, the Bank presents evidence of its internal investigation of Grastorf's time records, concluding that she was absent without permission or notice to the Bank.  This would satisfy the second McDonnell Douglas step.  Upon the present record and the shift

of the burden back to Plaintiff to refute the nondiscriminatory rationale and prove (beyond the prima facie case) that the Bank's actions were the result of sexual or age discrimination, Grastorf has not met this ultimate burden of proof.

Plaintiff argues that the Bank had the burden of proving its affirmative defense (Docket No. 43, Pl. Memo. at 8).  If warranted, this Court finds that the Bank met this burden; the Bank did this through the declarations of district manager Julie Hall and human resources specialist Valeri Erlandson and their attached exhibits (Docket No. 33).  As discussed above on this Court's ability to rely upon these declarations, Grastorf needed to present contrary evidence to raise an issue of material fact as to their credibility.

Grastorf instead cites two cases, Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), and Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), that she need only show gender discrimination was a motivating factor and not necessarily but for causation (Docket No. 43, Pl. Memo. at 8 & nn.19, 21).  This argument goes to the first step in the McDonnell Douglas prima facie analysis and Plaintiff's burden of proof on one theory of Title VII liability.  This only provides the threshold for the subsequent McDonnell Douglas analysis.  These cases held that a Title VII plaintiff sufficiently shows discrimination was a motivating factor in defendant employer's decision, thus requiring the defendant to assert an affirmative defense that it would have made the same decision despite plaintiff's protected trait, Comcast Corp. v. National Ass'n of African American-Owned Media, 589 U.S. ___, 140 S.Ct. 1009, 1017, 206 L.Ed.2d 356 (2020) (noting that Congress displaced Price Waterhouse with its version of motivating factor test); Price Waterhouse, supra, 490 U.S. at 249-50 (plurality opinion), 258-59 (White, J., concurring in judgment), 268-69

(O'Connor, J., concurring in judgment); see also Desert Palace, supra, 539 U.S. at 94-95.

Plaintiff cites Desert Palace, supra, 539 U.S. at 94-95, as requiring the Bank to produce its evidence of nondiscriminatory intent as an affirmative defense (Docket No. 43, Pl. Memo. at 8), see id. at 93.  That case involved a mixed-motive case, where there were legitimate and illegitimate reasons motivating the employment decision, id. at 92-93.  That decision is distinguishable also because it was a Motion for Judgment as a Matter of Law following a jury trial of a sex discrimination claim where the issue was the appropriate jury instruction for a mixed-motive case after the 1991 Civil Rights Act, id. at 96, 92, 98; see 42 U.S.C. § 2000e-2(m).

Again, the Bank filed its Motion for Summary Judgment where there is no testimony for credibility assessments.  Plaintiff has not submitted evidence to raise a material issue of fact as the Bank witnesses' credibility to deny summary judgment.  Plaintiff has not established mixed motivation for the Bank's termination to warrant this analysis.

From Grastorf's contention, she also needed to establish that discrimination was at least a motivating factor for the Bank's action.  But her only allegations of the Bank's motivation are the different treatment of Grastorf as compared with two other employees.  These allegations alone are insufficient to establish discrimination as a motivating factor to then require the Bank's response to be an affirmative defense.

This Court denies Grastorf's Motion for Reconsideration (Docket No. 43) on this ground.

4.  Reconsideration Is Not Applicable Here

In sum, Grastorf's arguments do not show a legal error or grounds for reconsideration of granting the Bank summary judgment.  First, this Court properly relied upon the only evidence presented, to wit, the Bank justifying its termination decision.  Second, Grastorf failed to establish an inference of sex or age discrimination as her prima facie case for the first step in the McDonnell Douglas analysis.  Third, even had she met the low pleading threshold for her prima facie case, the Bank offered uncontested evidence for the nondiscriminatory reason—Grastorf left early without permission and falsifying her time records—for its termination.  Grastorf's Motion for Reconsideration (id.) is denied.

## IV.   Conclusion

Consideration of the substance of Diane Grastorf's Motion for Reconsideration (Docket No. 43) requires some reconsideration of the February 2023 Decision and, having done so upon the arguments raised by the parties herein, the granting of the Bank's Motion for Summary Judgment (Docket No. 33) remains the same.

Applying the Burdine and McDonnell Douglas burden shifting standards, Grastorf still does not establish that Community Bank fired her because of her sex or age after the Bank found discrepancies in her departure times and time records.  She fails to allege circumstances that raises any inference of discrimination.  Her federal age and sex discrimination claims fail.

Although not discussed in Grastorf's Motion for Reconsideration, the same analysis still applies to her New York Human Rights Law discrimination claims to dismiss them as well.

Therefore, her Motion for Reconsideration (Docket No. 43) is denied and her case remains dismissed.

**V.      Orders**

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 43) of the grant of Summary Judgment granted to Defendant Community Bank, N.A., dismissing the case is DENIED.

FURTHER, that the case remains CLOSED.

SO ORDERED.


Dated:      May 19, 2023
              Buffalo, New York


                                            s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge